IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Case No. 10-cv-01505-MSK

BARRY RICH, and
DEBORA RICH,

    Plaintiffs,

v.

NATIONAL CITY MORTGAGE COMPANY,

    Defendant.

---

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND
SCHEDULING LAW AND MOTION HEARING**

---

**THIS MATTER** comes before the Court pursuant to the Plaintiffs' newly filed Complaint **(#1)**, "Petition for Temporary Injunction", construed as a Motion for Temporary Restraining Order **(#2)**, Petition for Restraining Order, construed as a Motion for a Preliminary Injunction **(#3)**. In accordance with the liberal construction afforded to *pro se* litigants[1], the

---

[1] In construing the Plaintiffs' pleadings, the Court is mindful that they are proceeding *pro se* and, therefore, the Court construes their pleadings liberally and holds them to a "less stringent standard" than pleadings drafted by lawyers in accordance with *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Such liberal construction is intended merely to overlook technical formatting errors, poor writing style, and other defects in the party's use of legal terminology, citation, and theories. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, cannot act as a *pro se* litigant's legal advocate, and a *pro se* plaintiff retains the burden to allege sufficient facts to state a viable claim. Furthermore, *pro se* status does not relieve a party of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court must apply the same standard to counsel licensed to practice law and to a *pro se* party. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

Court construes the Plaintiffs "Petition for Temporary Injunction" **(#2)** as a motion for a temporary restraining order pursuant to Fed. R. Civ. P. 65(b) and the Plaintiffs' "Petition for Restraining Order" as a Motion for a Preliminary Injunction pursuant to Fed. R. Civ. P. 65(a).

The Plaintiffs have failed to demonstrate that immediate and irreparable injury, loss, or damage will result before the Defendant's attorney may be heard in opposition to the request for temporary restraining order. Fed. R. Civ. P. 65(b)(1). Accordingly, the Plaintiffs' Motion For a Temporary Restraining Order **(#2)** is **DENIED**. The arguments made in this motion are deemed merged into the Motion for a Preliminary Injunction **(#3)**.

**IT IS FURTHER ORDERED** that

(1) The Plaintiffs shall effectuate service of the Complaint **(#1)**, the "Petition for Temporary Injunction" **(#2)**, the "Petition for Restraining Order" **(#3)**, and a copy of this Order on the Defendant on or before on July 12, 2010.

(2) The Defendant shall respond to the Motion for Preliminary Injunction on or before July 26, 2010.

(3) The matter is set for a non-evidentiary hearing on the law and motion calendar on **August 18, 2010 at 4:00 p.m.** to address the need and time for a hearing on the preliminary injunction motion.

Dated this 28th day of June, 2010

                                              **BY THE COURT:**

                                              Marcia S. Krieger
                                              United States District Judge